**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4231**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL ANTONIO HARRIS,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Terrence W. Boyle, District Judge. (4:13-cr-00052-BO-1)

---

Submitted: November 20, 2014    Decided: November 24, 2014

---

Before KING and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Dhamian A. Blue, BLUE STEPHENS & FELLERS LLP, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Antonio Harris pled guilty to possession with intent to distribute a quantity of cocaine and was sentenced to 180 months of imprisonment. On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising the following issues: (1) whether Harris' arraignment complied with Fed. R. Crim. P. 11; (2) whether the sentencing court properly applied the career offender enhancement to Harris' sentence; and (3) whether the district court imposed a reasonable sentence. For the reasons that follow, we affirm.

First, our review of Harris' plea hearing reveals that he knowingly and voluntarily pled guilty and that the proceeding was generally conducted in compliance with Rule 11. Accordingly, we find no reversible error. See United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002) (noting that when a defendant does not seek to withdraw his guilty plea or otherwise preserve any allegation of Rule 11 error, this court reviews his plea colloquy for plain error).

Harris' second and third issues allege sentencing error, which we review for reasonableness using an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The court first reviews for significant procedural error, and if the sentence is free from such error, we then

2

consider substantive reasonableness. Id. at 51. Procedural error includes improperly calculating the Sentencing Guidelines range, treating the Guidelines range as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, and failing to adequately explain the selected sentence. Id. To adequately explain the sentence, the district court must make an individualized assessment by applying the relevant § 3553(a) factors to specific circumstances of the case. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). Substantive reasonableness is determined by considering the totality of the circumstances, and if the sentence is within the properly calculated Guidelines range, this court applies a presumption of reasonableness. United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012).

We find no error in the district court's imposition of a career offender enhancement, as our review of the record reveals that Harris had at least two prior qualifying drug convictions needed for the enhancement. See U.S. Sentencing Guidelines Manual § 4B1.1(a) (2013). Moreover, we find the sentence was reasonable as it was within the correctly calculated advisory Guidelines range of 155-188 months and was imposed after the court expressly considered the § 3553(a) sentencing factors. Strieper, 666 F.3d at 295.

3

In accordance with <u>Anders</u>, we have reviewed the record in this case, including the issues raised in Harris' pro se supplemental brief, and have found no meritorious issues for appeal. We therefore affirm Harris' conviction and sentence. This court requires that counsel inform Harris, in writing, of the right to petition the Supreme Court of the United States for further review. If Harris requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Harris. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4